IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

In Re: BEN LYLE BRAZZEL, DEBTOR             CASE NO: 4:18-bk-71706T
                                            CHAPTER 13

DIAMOND BANK                                                    MOVANT

VS.

BEN LYLE BRAZZEL, DEBTOR;
JACK W. GOODING, CH 13 TRUSTEE;
and KAREN BRAZZEL, Non-Debtor Third Party           RESPONDENTS

## MOTION FOR RELIEF FROM AUTOMATIC STAY INCLUDING RELIEF FROM STAY AGAINST THIRD PARTY

Comes the Movant, Diamond Bank, hereinafter referred to as "Movant") by and through its attorney, Richard L. Cox, P.A., and for its Motion for Relief From Automatic Stay Including Relief from Stay Against Third Party, states:

1. This Court has jurisdiction pursuant to Title 11 of the United States Code, 28 U.S.C. §157(b) and §1334 and this is a core proceeding pursuant to §157(b)(2). This motion is further authorized by FRBP Rule 4001 and is a contested matter.

2. On November 8, 2017, Ben Lyle Brazzel (hereafter "the Debtor") executed a Renewal Promissory Note (hereafter "the Note") in favor of Movant, and the Debtor executed a Commercial Loan Agreement in favor of Movant granting Movant a security interest in a 2016 Jeep Wrangler Unlimited VIN IC4BJWKG3GL255186 which security interest is perfected as set out in the Proof of Claim No. 1 filed herein on July 9, 2018, which has attached loan documents, including title for the Jeep Wrangler.

3. In addition to a security interest securing the balance due under the Note, Movant claims a security interest in the Jeep, for all court costs, storage and towing charges, expenses in retaking the collateral and attorney fees, together with any expenses subsequently incurred in preparing the collateral for any sale and in conducting any sale.

4. Under the terms of the Note secured by the collateral, the Debtor is in default for failure to make the monthly installment payments due. But for the bankruptcy, Movant would be entitled to repossess its collateral and/or declare all of the payments to be now due and payable and accelerate the full indebtedness presently due and owing to Movant by the Debtor.

5. KAREN BRAZZEL is not an obligor on the note.

6. KAREN BRAZZEL is on the title to the 2016 Jeep Wrangler.

7. In item 1 of the Debtor's Statement of Financial Affairs he states he is not married.

8. Debtor has proposed to surrender the Jeep Wrangler.

9. Movant should be granted an order relieving it from the automatic stay of §362 so it may take possession of its collateral believed to be in the possession of KAREN BRAZZEL and dispose of it pursuant to the terms of the Uniform Commercial Code or alternatively, to file a Complaint for Order of Delivery.

WHEREFORE, having applied for a hearing of this motion, Diamond Bank prays that the this Court grant it relief from the automatic stay of §362 so that it may repossess its collateral and dispose of same pursuant to the Uniform Commercial Code including the interest of third party KAREN BRAZZEL so that it may exercise it rights to self help repossession under the laws of Arkansas or alternatively to file a complaint for Order of Delivery/Possession.

Respectfully submitted,

/s/ Richard L. Cox
Richard L. Cox, ABN 78032
Attorney for Diamond Bank

364 Long Point Road
Hot Springs, AR 71913
Tel. (501) 623-1759
Fax (501) 624-3387
Email: rlcpa@hsnp.com

## CERTIFICATE OF SERVICE

On July 26, 2018, I transmitted electronically a copy of the foregoing pleading via ECF to:

William Blake Montgomery
Attorney for Debtor

Jack W. Gooding
Chapter 13 Trustee

and by U.S. Mail to:
Karen Brazzel
455 Hempstead II
Hope, AR 71801

/s/ Richard L. Cox
Richard L. Cox